UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LAURIE A. LINDSAY, | ) | |
| Plaintiff, | ) | No. C08-970-MJP-BAT |
| v. | ) | |
| | ) | REPORT AND |
| MICHAEL J. ASTRUE, Commissioner of the | ) | RECOMMENDATION |
| Social Security Administration. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Laurie A. Lindsay, seeks judicial review of the denial of her application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule MJR 4(A)(4) and as authorized by *Matthews v. Weber*, 423 US 261 (1976). Dkt. 4. Plaintiff presents two issues. First, whether the Administrative Law Judge's ("ALJ") finding that plaintiff does not suffer from bipolar disorder, schizoaffective disorder and pain disorder is supported by substantial evidence. Second, whether the case should be remanded to fully and fairly develop the record because the ALJ did not obtain or review plaintiff's psychiatric hospital and inpatient drug treatment records. Dkt. 12. After reviewing the parties' briefs and the record, the undersigned recommends that this matter be remanded to the Commissioner for further administrative proceedings.

REPORT AND RECOMMENDATION-1

# I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is currently 47 years old. Tr. 481. She has a high school education, past work experience as a customer sales representative and clerical worker and was last gainfully employed in 2002. Tr. 75-76. In March 2003, plaintiff filed an application for disability insurance benefits alleging disability as of March 15, 2002. Tr. 62-64. Her application was initially denied. Tr. 35-37. After conducting a second hearing on December 25, 2005 (Tr. 656-679), the ALJ found plaintiff disabled. Tr. 474-482.

In March 2006, the Appeals Council on its own motion gave notice of intent to review the ALJ's decision. Tr. 491. Subsequently, the Appeals Council ordered the ALJ to reevaluate plaintiff's substance abuse and its impact on her functional capacity and credibility. Pursuant to this order, the ALJ conducted a hearing on March 30, 2007. Tr. 487, 680.

On July 25, 2007, the ALJ issued a decision finding that plaintiff was not disabled. The ALJ made the following findings:

> (1) Plaintiff has met the insured status requirements of the Social Security act through December 31, 2007. Tr. 20.
>
> (2) Plaintiff has not engaged in substantial gainful activity since March 15, 2002, the alleged onset date. *Id.*
>
> (3) Plaintiff has the following severe impairments: fibromyalgia and a history of prescription narcotics abuse. *Id.*
>
> (4) Plaintiff's impairments do not meet or equal, one of the listed impairments. *Id.* at 24.
>
> (5) Plaintiff has the residual functional capacity to lift 20 pounds occasionally and 10 pounds, frequently, and stand, walk or sit six hours in an eight-hour workday. *Id.*
>
> (6) Plaintiff is capable of performing past relevant work as a clerical worker.
>
> (7) Plaintiff has not been under a disability, from March 15,

REPORT AND RECOMMENDATION-2

2002 through July 25, 2007. *Id*. at 32.

The Appeals Council denied plaintiff's appeal of that ruling, making the ALJ's ruling the Commissioner's "final decision" under 42 U.S.C. § 405(g). Tr. 13. On June 23, 2008, plaintiff initiated this action by filing a complaint seeking review of the ALJ's decision. Dkt. 1.

## II. STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## III. EVALUATING DISABILITY

A person is disabled if she is unable to engage in any substantial gainful activity due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant bears the burden of proving that she is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).

REPORT AND RECOMMENDATION-3

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two where the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairment described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets one of the listed impairments for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment does not meet one of the listed impairments, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates whether the claimant can perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform her past relevant work she is not disabled; if she cannot, then the Commissioner has the burden at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099, 1100 (9th Cir. 1999). If the Commissioner finds the claimant cannot perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. DISCUSSION

**A. The ALJ's Finding That Plaintiff Does Not Suffer From Bipolar Disorder, Schizoaffective Disorder And Pain Disorder Is Not Supported By Substantial Evidence**

The ALJ found plaintiff had no mental disorders. The decision stated "[t]here are references to bipolar disorder, posttramatic stress disorder, schizoaffective disorder, and pain disorder. However I do not find sufficient evidence to either confirm these diagnoses or show that they cause significant functional limitations." Tr. 21. In the five-step sequential process used to evaluate an applicant's disability status, step two consists of determining whether a claimant has a "medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). Plaintiff contends that the ALJ's finding, at step two, of no mental impairment was erroneous and not supported by substantial evidence. Specifically, plaintiff argues the ALJ erred by failing to give sufficient reasons to reject the opinions of Dr. Barrett, Dr. Lewey, Dr. Agnani, Dr. Vatheuer, and Dr. Berner that plaintiff suffered from these mental disorders. Dkt. 12 at 10-12. Defendant argues the ALJ explained his rejection of the doctors' opinions regarding plaintiff's mental disorders and his finding that there is "insufficient evidence to support alleged mental impairments" deserves deference. Dkt. 13 at 6-7.

The ALJ must explain his reasons for rejecting any medical opinion evidence. Generally, the ALJ must give the opinions of treating physicians greater weight than the opinions of other doctors such as examining or non-examining doctors. Treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.1996).

Where the treating physician's opinion is uncontradicted, the ALJ may reject it only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995, as amended April 9,

REPORT AND RECOMMENDATION-5

1996). Where the treating physician's opinion is contradicted by another physician, the ALJ may reject the opinion only if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Id.*; *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d) (requiring that Social Security Administration "always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion"); Social Security Ruling[1] 96-2p ("[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

An examining physician's opinion based on independent clinical findings that differ from the findings of a treating physician may constitute substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered." (citations omitted)).

However, even if an examining physician's opinion constitutes substantial evidence, the treating physician's opinion is still entitled to deference. *See id.*; *see also* SSR 96-2p (a finding that a treating physician's opinion is not entitled to controlling weight does not mean that the opinion is rejected). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."

---

[1] Social Security Rulings ("SSR") do not have the force of law. However, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

REPORT AND RECOMMENDATION-6

SSR 96-2p.

In determining what weight to accord the opinion of the treating physician, the ALJ is instructed to consider the following factors: length of the treatment relationship and frequency of examination; nature and extent of the treatment relationship; the degree to which the opinion is supported by relevant medical evidence; consistency of the opinion with the record as a whole; specialization; and any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)(6), 416.927(d)(2)-(6).

In this case, plaintiff was treated by Dr. Santosh Agnani, M.D., Dr. Jon Berner, M.D., and Dr. Martin Vatheuer, M.D. Plaintiff was examined by Dr. John Shelton, Ph.D., Dr. David Barrett, Ph.D., and Dr. Marie Ho, M.D.. Dr. Arthur Lewey, Ph.D. provided medical opinions as a non-treating physician.

**Dr. Santosh Agnani, M.D.**

Dr. Agnani is plaintiff's treating psychiatrist. He diagnosed plaintiff as suffering from bipolar disorder. Tr. 376-389. Defendant makes no claim that Dr. Agnani's opinion is contradicted by another physician's opinion. Dkt. 15. Hence the ALJ may reject Dr. Agnani's opinion only for "clear and convincing" reasons. The ALJ's decision states Dr. Agnani's records covering January 2005 through March 2006 document treatment for bipolar disorder, normal mental health status examinations, no suicidal ideation, stable mood, no hallucinations and denials about problems with memory, concentration or energy levels. Tr. 21. The decision also states "while the claimant has received treatment for bipolar disorder, treatment records from Dr. Agnani indicate it was stable and did not cause significant functional limitations." *Id.* at 23.

The ALJ's decision provides no explanation for rejecting Dr. Agnani's diagnosis. Despite this, defendant argues the ALJ properly "explained his rejection of the doctor's opinion." Dkt.15

REPORT AND RECOMMENDATION-7

at 6-7. Defendant first argues the ALJ gave some weight to the opinions of Dr. Agnani by acknowledging plaintiff's treatment for bipolar disorder. *Id.* at 8. This argument does not illuminate why the ALJ rejected Dr. Agnoni's opinion that plaintiff suffers from bipolar disorder.

Second, defendant argues Dr. Agnani's records do not support significant functional limitations and that plaintiff's condition is "stable." *Id.* at 9. Again, this fails to explain why, at step two, the ALJ rejected Dr. Agnoni's diagnosis of bipolar disorder. Instead, it necessarily assumes plaintiff suffers from bipolar disorder – an assumption the ALJ rejected. Dkt. 15 at 9.

Third, defendant contends the ALJ properly rejected Dr. Agnani's letter describing plaintiff's condition and impairments. *Id.* at 9. However, the ALJ's decision does not discuss the letter, whether the letter was rejected, the reasons for rejection, or whether the ALJ even reviewed the letter. This Court is limited to reviewing the findings of the ALJ and to reviewing the specific facts and reasons the ALJ asserts. *Connett v. Barnhart*, 340 F.3d 871, 974 (9th Cir. 2003). The Court cannot make findings for the ALJ.

The Court does not find defendant's arguments convincing or supported by the record. The Court finds the ALJ's decision fails to sufficiently explain why Dr. Agnani's diagnosis of bipolar disorder should be rejected.

**Dr. Jon Berner, M.D.**

Dr. Berner is another treating psychiatrist. The ALJ's decision notes when plaintiff first saw Dr. Berner she reported fibromyalgia and a history of opioid dependence, "psychosis two to three days per months with symptoms including strong sexual infidelity paranoia, auditory hallucinations, memory loss, severe tension headaches and nightmares. Dr. Berner's impression was that the claimant had schizoaffective disorder with mixed psychosis and euphoric hypersexuality, pain disorder and nicotine dependence. Dr. Berner noted that the claimant had a

normal examination. Medical records from Dr. Berner covering April 2006 through December 2006 reflect generally normal objective findings." Tr. 21-22.

The decision states the ALJ did "not find sufficient evidence to support a diagnosis of pain disorder" because Dr. Berner is the only treating doctor to make that diagnosis. *Id. 23.* The ALJ also states "Dr. Berner's treatment notes consistently document normal objective findings, which suggests that his diagnosis was based entirely on the claimant's subjective report" which the ALJ found not credible. *Id.* Finally, the ALJ states "I find no evidence to support a diagnosis of schizoaffective disorder. Medical records from Dr. Agnani document no prior psychotic symptoms." *Id.*

Defendant contends the ALJ properly rejected Dr. Berner's schizoaffective disorder diagnosis as "contrary to the record as a whole." Dkt. 13 at 12. The record does not support this contention. Dr. Berner's intake notes state "Laurie reports classical fibromyalgia and generalized pain and metabolic myopathy." Tr. 62. "Previous psychiatric history is germane for hospitalization at Fairfax 8 months prior." *Id.* "Medical epidemiology is salient for rapid cycling hypersexuality weekly, nicotine dependence, and secondary insomnia." *Id.* "Review of systems gives severe psychosis for 2-3 days monthly with strong sexual infidelity paranoia and auditory hallucinosis, memory loss from toparimate, severe tension headaches and nightmares. Exam is normal. Vatheur confirms the majority of her account on the phone. IMP: Schizoaffective disorder with mixed pyschosis and euphoric hypersexuality; pain disorder, nicotine dependence." *Id.*

These opinions are not contrary to the record as a whole. The record does not document an absence of mental health problems. Rather as Dr. Berner noted, plaintiff was hospitalized at Fairfax, a psychiatric hospital. Dr. Agnani's medical records indicate that plaintiff was

REPORT AND RECOMMENDATION-9

hospitalized because she was severely depressed and suicidal. Tr. 459. Dr. Aganai has diagnosed plaintiff with bipolar disorder, a diagnosis shared by Dr. Barrett, Dr. Ho, and Dr. Lewey. While Dr. Berner is the only treating doctor to diagnose plaintiff with schizoaffective disorder or pain disorder, none of the other treating doctors have offered opinions disputing those diagnoses. Dr. Lewey, the non-examining doctor testified that in his opinion the pain disorder diagnoses was reasonable. Tr. 714.

Dr. Berner consulted Dr. Martin Vatheur M.D., one of plaintiff's treating doctors, and Dr. Vatheur confirmed most of plaintiff's complaints. There is nothing indicating that Dr. Vatheur disagreed with Dr. Berner's assessment of plaintiff. In fact, Dr. Vatheuer stated in his declaration that given plaintiff's "combination of pain and psychiatric problems, I thought it best she be managed by a psychiatrist." Tr. 643. Additionally, Dr. Vatheuer's medical exam records note abnormal neurological findings 11 times over 29 examinations. Tr. 546-577.
These abnormal findings show the ALJ's statement that Dr. Vatheuer's records "consistently indicates that the claimant was in no acute distress and had normal findings" is inaccurate. Tr. 22.

The finding that there is "no evidence to support a diagnosis of schizoaffective disorder" because Dr. Agnani's records "document no prior psychotic symptoms" is not supported by the record. Under the American Medical Association, Diagnostic and Statistical Manual of Mental Disorders - Fourth Edition (DSM-IV), schizoaffective disorder requires an uninterrupted period of illness during which, at some time, there is either (1) a Major Depressive Episode, or (2) a Manic Episode. Dr. Agnani's "psychiatric progress notes" indicate that plaintiff was so severely depressed and suicidal that she was placed in Fairfax, a psychiatric hospital. Tr. 459. Dr. Agnani's medical records thus document symptoms consistent with a major depressive episode and supportive of Dr. Berner's diagnosis of schizoaffective disorder. The ALJ's decision that

REPORT AND RECOMMENDATION-10

plaintiff does not suffer from schizoaffective disorder or pain disorder is not supported by substantial evidence and erroneous.

**Examining Doctors John Shelton, Ph.D., David Barrett, Ph.D., Marie Ho, M.D., And Non-Examining Dr. Arthur Lewey, Ph.D.**

Although the thrust of plaintiff's argument is that the ALJ erred in rejecting Dr. Agnani's diagnoses of bipolar disorder and Dr. Berner's diagnoses of schizoaffective and pain disorder, plaintiff also argues that the ALJ's finding that plaintiff did not suffer from mental disorders is erroneous because nearly all of the examining and non-examining doctors also opined that plaintiff did suffer from mental disorders.

Dr. Barrett examined plaintiff in 2006. He diagnosed plaintiff with Bipolar I disorder, post-traumatic stress disorder (by client report) and opioid dependence in remission. Tr. 539. Dr. Barrett found plaintiff to present a "confusing" picture and stated "it would be very helpful to get records from Fairfax and her current psychiatrist." *Id.* He also stated "she clearly has some serious problems –chronic debilitating physical pain, other physical problems, symptoms of major mental illness and a serious history of addictive behavior and substance abuse." *Id.*

Dr. Ho examined plaintiff in 2006. Dr. Ho diagnoses plaintiff with fibromyalgia, history of five reconstructive surgeries to the arm and wrist, polyneuropathy with burning pain in the feet and bipolar disorder with psychotic elements." Tr. 534-35.

Dr. Shelton examined plaintiff in 2003. Essentially, he did not find anything wrong with plaintiff and opined "she could work tomorrow were she able to stay at home and do so." Tr. 350. The record shows Dr. Shelton's opinion stands alone. No other doctor shares his opinion that there is nothing wrong with plaintiff. Additionally, his opinion is also inconsistent with the ALJ's finding that plaintiff suffers from fibromyalgia.

REPORT AND RECOMMENDATION-11

Dr. Lewey, a non-examining doctor testified that plaintiff suffered from three mental disorders: mood disorder – bipolar spectrum, pain disorder and narcotic abuse. Tr. 714.

The ALJ's finding, at step-two, that plaintiff did not suffer from bipolar disorder, schizoaffective disorder, and pain disorder is not supported by substantial evidence. Specifically, the ALJ erred by failing to give sufficient reasons to reject the opinions of Dr. Agnani that plaintiff was bipolar and Dr. Berner that plaintiff suffered from schizoaffective and pain disorders, or the opinions of the other doctors who supported these diagnoses.

The Court therefore recommends the case be remanded to determine whether the above mental disorders meet or equal any of the listed impairment described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairments neither meet nor equal one of the impairments listed in the regulations, the ALJ should evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is not able to perform her past relevant work the ALJ should determine whether plaintiff can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**B. The ALJ Should Review Plaintiff's Psychiatric Hospital and Inpatient Drug Treatment Records**

Additionally, the ALJ in a social security case has a duty to fully and fairly develop the record even where the claimant is represented by counsel. *De Lorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The Court therefore recommends that the ALJ be directed to obtain and review medical records of Fairfax hospital where plaintiff was hospitalized for psychiatric care and the records of Providence General Medical Center and Valley General Behavioral Health where plaintiff received treatment for substance abuse.

In light of the Court's determination regarding plaintiff's mental disorders and directive that the ALJ review plaintiff's Fairfax, Providence and Valley General records, the Court recommends the ALJ be directed to reevaluate plaintiff's credibility in light of those disorders.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED for further proceedings not inconsistent with this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of January, 2009.

/s/ BAT
BRIAN A. TSUCHIDA
United States Magistrate Judge